DAVID E. ROSEN (State Bar No. 155385)
MURPHY ROSEN & MEYLAN LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, California 90401-1142
Telephone: (310) 899-3300
Facsimile: (310) 399-7201
Email: drosen@ murphyrosen.com

Philip H. Burrus, IV
(*Pro Hac Vice Application Pending*)
Burrus Intellectual Property Law Group, LLC
460 Grant Street SE
Atlanta, Georgia 30312
Telephone: (404) 797-8111
Facsimile: (404) 880-9912

Attorneys for Defendant
Hydrowholesale, Inc.

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 4522958 CANADA INC.<br><br>Plaintiff,<br><br>vs.<br><br>KY WHOLESALE and HYRDOWHOLESALE, INC.<br><br>Defendants. | CASE NO. 2:09-CV-02983-MCE-GCH<br><br>**DEFENDANT HYDRO WHOLESALE, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date:      February 25, 2010<br>Time:      2:00 p.m.<br>Courtroom: 7 |

///

///

L:\Attorneys' Files\DER Files\Hydrowholesale\Brief in Support of Motion to Dismiss.doc -1-    **PRINTED ON RECYCLED PAPER**

*BRIEF IN SUPPORT OF MOTION TO DISMISS*

HYDRO WHOLESALE, INC., a Defendant herein, files this Brief in Support of its Motion to Dismiss and state as follows:

## I. <u>Introduction</u>

This is a patent infringement lawsuit brought against the United States distributor, KY Wholesale, of a product which allegedly infringes Plaintiff's patent. Also named as a Defendant is a small business located solely in the State of Georgia, which is this Defendant, Hydro Wholesale.

Hydro Wholesale brings this Motion to thwart Plaintiff's effort to drag it from Georgia to California to defend this lawsuit. The single <u>factual</u> allegation in the Complaint which would support subjecting Hydro Wholesale to personal jurisdiction in California turns out to be inaccurate and untrue.[1] That allegation is that Hydro Wholesale has sold the allegedly infringing product into the State of California. (Complaint, ¶ 3). But that is not true -- Hydro Wholesale has not sold even one of the allegedly infringing products into the State of California. (Declaration of Mike Buechel, ¶¶ 11 ("Buechel Decl.")). No other factual allegation in the Complaint supports personal jurisdiction against Hydro Wholesale.

It appears to Hydro Wholesale that Plaintiff brought this lawsuit in California because this is where the United States distributor of the allegedly infringing product resides. But, of course, Hydro Wholesale cannot be brought to California just because KY Wholesale makes its home here.

///

---

[1] Plaintiff's Complaint also includes boilerplate assertions regarding personal jurisdiction (such as "transacted and are transacting business in" the forum, Complaint ¶ 7), but Plaintiff fails to support those assertions with <u>facts</u>.

MURPHY ROSEN & MEYLAN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

## II. Facts

### A. Plaintiff's Business and Its Purported Patent

Plaintiff purports to own United States Patent No. 7,168,643, entitled "Leaf Snatcher" (hereinafter referred to as "'643"). (Complaint, ¶ 8). Plaintiff alleges that Defendants sell products named "OK Trimmer" and "Viagrow Expert Trimmer" which, individually or in combination, infringe '643. (Complaint, ¶ 9).

### B. Defendant Hydro Wholesale's Business and Lack of Contacts with the State of California

Hydro Wholesale is a Georgia corporation with its headquarters -- and only office -- in College Park, Georgia. (Buechel Decl. ¶ 5). Hydro Wholesale sells products for use in hydroponics, which is the method of growing plants in nutrient solutions, typically water. (Buechel Decl. ¶ 3).

At one time, Hydro Wholesale did sell the "OK Trimmer" and "Viagrow Expert Trimmer" products (which Plaintiff claims infringe '643) but Hydro Wholesale <u>never</u> sold either product in or into California. (Buechel Decl. ¶ 11).

Hydro Wholesale has no offices, no employees, no representatives or other agents in the State of California. (<u>Id</u>. at ¶ 5). Hydro Wholesale does not specifically target, or advertise in, the State of California. (Id. at ¶ 7). It does not seek out Californians for sales nor target California commerce in any way. (<u>Id</u>. at ¶ 7). Hydro Wholesale does not own, lease or use any real property in the State of California. (<u>Id</u>. at ¶ 6). Hydro Wholesale is not registered to do business in the State of California nor has it ever been. (<u>Id</u>. at ¶ 8). Also, Hydro Wholesale has no operations outside the State of Georgia nor is it registered to do business outside the State of Georgia. (<u>Id</u>. at ¶¶ 5 and 9).

///

///

*MURPHY ROSEN & MEYLAN LLP*
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

### III. DISCUSSION OF RELEVANT AUTHORITIES

#### A. Personal Jurisdiction

A federal court must have both statutory and constitutional authority to assert jurisdiction over a defendant. (See McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)). "In a motion challenging personal jurisdiction, the plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of establishing that jurisdiction exists." (Doe v. Geller, 533 F. Supp.2d 996, 1004 (N.D. Cal. 2008) (citing Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir.1977))). Once allegations in the Complaint are controverted by the defendant, the plaintiff cannot "simply rest on the bare allegations of its complaint because only uncontroverted allegations in the complaint must be taken as true." (Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir.2004)).

Under California law, "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." (Cal.Civ.Proc.Code § 410.10). In other words, this Court may only exercise jurisdiction over a non-resident defendant where it is Constitutionally permissible. (Haisten v. Grass Valley Med. Reimbursement Fund, Ltd., 784 F.2d 1392, 1396 (9th Cir.1986)).

#### B. Specific Personal Jurisdiction

The Ninth Circuit has developed a three-prong test to determine whether there are sufficient contacts for a district court to exercise specific personal jurisdiction over a defendant:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the

forum, thereby invoking the benefits and protections of its laws;

(2) The claim must be one which arises out of or results from the defendant's forum-related activities; and

(3) Exercise of jurisdiction must be reasonable.

(Schwarzenegger, 374 F.3d at 802). "The purposeful availment requirement ensures that defendants will not be "hailed into a jurisdiction through 'random,' 'fortuitous,' or 'attenuated' contacts.'" (Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985))). Consistent with the Supreme Court's holding in Burger King, merely contracting with a resident of the forum state is insufficient to confer specific jurisdiction over a nonresident. (Id.). "Purposeful availment is demonstrated when the defendant has taken deliberate action within the forum state or created continuing obligations to residents of the forum state." (Quokka Sports, Inc. v. Cup Int'l. Ltd., 99 F. Supp.2d 1105, 1110 (N.D. Cal. 1999) (citing Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995))).

C. General Personal Jurisdiction

For a court to exercise general personal jurisdiction, the defendant must have "substantial or continual and systematic" contacts with a forum. (Reebok Int'l Ltd. v. McLaughlin, 49 F.3d 1387, 1391 (9th Cir. 1995)). The standard for establishing general jurisdiction is "fairly high," (Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir.1986)), and requires that the defendant's contacts be of the sort that approximate physical presence. (See Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1331 (9th Cir.1984); see also, Cubbage v. Merchent, 744 F.2d 665, 667-68 (9th Cir.1984) (no jurisdiction over doctors despite significant numbers of patients in forum, use of forum's state medical insurance system and

telephone directory listing that reached forum); Gates Learjet Corp., 743 F.2d at 1330-31 (no jurisdiction over defendants despite several visits and purchases in forum, solicitation of contract in forum that included choice of law provision favoring forum, and extensive communication with forum); and Congoleum Corp. v. DLW Aktiengesellschaft, 729 F.2d 1240, 1243 (9th Cir.1984) (developing sales force in forum state insufficient)).

In a general personal jurisdiction analysis, factors taken into consideration are whether the defendant solicits business in the state, designates an agent for service of process, holds a license or is incorporated there. (See Hirsch v. Blue Cross Blue Shield of Kansas City, 800 F.2d 1474, 1478 (9th Cir.1986)).

## IV. ARGUMENT

### A. Hydro Wholesale is Not Subject to **Specific** Personal Jurisdiction In California

With respect to the first prong of the specific personal jurisdiction analysis, Hydro Wholesale has done no act nor consummated any transaction with California or otherwise availed itself of the privilege, benefits or protection of California. While Hydro Wholesale makes occasional sales to Californians, those transactions are unsolicited. (Buechel Decl. ¶ 11). Also, pursuant to the contract governing those transactions, any dispute must be adjudicated in a court in the State of Georgia, so Hydro Wholesale does not rely on California law or processes. (Buechel Decl. ¶ 11). Therefore, the first prong of the specific personal jurisdiction test cannot be met.

But even if this first prong of the specific personal jurisdiction test were met, the second prong cannot be because Hydro Wholesale has not sold a single trimmer – *i.e.*, the product allegedly infringing '643 – into California. (Buechel Decl. ¶ 11). Thus, Plaintiff's claim is not one which arises out of or results from Hydro Wholesale's California-related activities. The Ninth Circuit is clear that for specific personal jurisdiction to be found, the claim must be one which arises

MURPHY ROSEN & MEYLAN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

1  out of or results from the defendant's forum-related activities.  (Doe v. Unocal
2  Corp., 248 F.3d 915, 925 (9th Cir.2001)).  To determine whether a plaintiff's
3  claim arises out of forum-related activities, courts apply a "but for" test (*i.e.*, but
4  for the defendant's forum-related activities through which it purposefully avails
5  itself of the forum, the plaintiff would not have suffered injury.)."  (Id. at 925).
6  Since none of Hydro Wholesale's sales into California involved either of the
7  allegedly infringing products, Plaintiff cannot satisfy the "but for" test as against
8  Hydro Wholesale.

9        Additionally, as between Plaintiff and Hydro Wholesale, Hydro Wholesale
10 has not targeted Plaintiff or its patent; in fact, there is no allegation or even
11 showing that Hydro Wholesale even knew of the existence of the Plaintiff or of
12 '643, let alone targeted them in any manner.  (*c.f.*, Panavision Intern., L.P. v.
13 Toeppen, 141 F.3d 1316 (9th Cir.1998) (specific personal jurisdiction found
14 where defendant registered California-based plaintiff's trademark as a domain
15 name and attempted to extract compensation directly from plaintiff in exchange
16 for forfeiture of domain name registration)).

17       Hydro Wholesale respectfully submits that neither the first nor second
18 prongs of the Ninth Circuit's specific personal jurisdiction analysis can be
19 satisfied.  However, even if they were, the third prong – that of reasonableness
20 and "fair play and substantial justice" – cannot be met.  Assuming *arguendo* that
21 the Court found that Hydro Wholesale availed itself of California law and that
22 Plaintiff's claims arise from Hydro Wholesale's California-related activities, the
23 exercise of jurisdiction is not reasonable. The "reasonableness" determination
24 requires the Court balance the following factors:  (1) the extent of the defendant's
25 purposeful interjection into the forum state, (2) the burden on the defendant in
26 defending in the forum, (3) the extent of the conflict with the sovereignty of the
27 defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the
28 most efficient judicial resolution of the controversy, (6) the importance of the

1  forum to the plaintiff's interest in convenient and effective relief, and (7) the
2  existence of an alternative forum.  (Bancroft & Masters, Inc. v. Augusta Nat.
3  Inc., 223 F.3d 1082, 1088 (9th Cir.2000)).

4  Other than occasionally fulfilling unsolicited orders from California (none
5  of which involved the allegedly infringing products), Hydro Wholesale has no
6  contacts whatsoever with California.  It has only one office and that is in the
7  State of Georgia. (Buechel Decl. ¶ 5).  Given the distance between Georgia and
8  California, the burden on Hydro Wholesale of litigating here would be high due
9  to the time and cost of travel and location of witnesses and evidence.  Given that
10 Hydro Wholesale has not sold even one of the allegedly infringing products into
11 the State of California, there has been no injury, harm, or damage in California or
12 to a California resident.  Additionally, Hydro Wholesale is amenable to suit in
13 the Northern District of Georgia, so by dismissing this action, Plaintiff can still
14 assert claims against Defendant.

15 For these and the foregoing reasons, this Court should dismiss this suit for
16 lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure
17 12(b)(2).

### B.    Defendant is Not Subject to **General** Personal Jurisdiction Under California Law

20 With respect to California, Hydro Wholesale has no physical presence nor
21 does it solicit business here.  It has never designated an agent for service of
22 process, held a California license nor incorporated in the State of California.
23 (Buechel Decl. ¶¶ 5).  Hydro Wholesale is not registered or licensed to do
24 business in California.  (Buechel Decl. ¶ 8).  It pays no taxes in California,
25 maintains no bank accounts in California and targets no print, television or radio
26 advertising toward California.  (Buechel Decl. ¶ 7).  Hydro Wholesale does not
27 have any subsidiaries or affiliate corporations anywhere, including California.
28 (Buechel Decl. ¶ 5).  Furthermore, none of Hydro Wholesale's employees live or

MURPHY ROSEN & MEYLAN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

L:\Attorneys' Files\DER Files\Hydrowholesale\Brief in Support of Motion to Dismiss.doc -8-    **PRINTED ON RECYCLED PAPER**
BRIEF IN SUPPORT OF MOTION TO DISMISS

1 work in California nor have they ever traveled to California for business.
2 (Buechel Decl. ¶ 10).

3 Hydro Wholesale has occasionally fulfilled unsolicited product orders
4 placed by people or businesses located in the State of California. (Buechel Decl.
5 ¶ 11). However, occasional sales to California residents are insufficient to create
6 general jurisdiction. (<u>Brand</u>, 796 F.2d at 1073; <u>Amini Innovation Corp. v. JS
7 Imports, Inc.</u>, 497 F.Supp.2d 1093, 1102 (C.D.Cal.2007) (patent infringement
8 case in which no general personal jurisdiction was found even though defendant
9 regularly shipped product through the Port of Los Angeles in Long Beach,
10 California); <u>Io Group, Inc. v. Laperna</u>, 2009 WL 36608, *4 (N.D.Cal.2009)
11 (accessing computer servers located in California, displaying a California
12 company's website advertisement and providing links to other California
13 businesses is not "substantial" or "continuous and systematic") and <u>ALS Scan,
14 Inc. v. Digital Service Consultants, Inc.</u>, 293 F.3d 707, 715 (4th Cir.2002) (no
15 general jurisdiction over a nonresident defendant "who regularly and
16 systematically transmitted electronic signals into the State *via* the Internet based
17 solely on those transmissions.")).

18 General jurisdiction is simply lacking in this case because Hydro
19 Wholesale does not have "substantial" or "continuous and systematic" contacts
20 with the State.

26 ///
27 ///
28 ///

MURPHY ROSEN & MEYLAN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

## IV. <u>CONCLUSION</u>

Hydro Wholesale respectfully requests that the Court grant its Motion to Dismiss. It further requests that the Court compel Plaintiff to pay Hydro Wholesale the costs, including reasonable attorney's fees, it has incurred in bringing this Motion to Dismiss.

Respectfully submitted

DATED: January 22, 2010   MURPHY ROSEN & MEYLAN LLP

By: /s/ David E. Rosen
David E. Rosen
Attorneys for Defendant
Hydrowholesale, Inc.

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of **DEFENDANT HYDRO WHOLESALE, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** was filed electronically with the Clerk of the Court this 22nd day of January 2010, and will be served electronically to designated CM/ECF participant counsel through the court's electronic filing system and mailed served to the other interested parties in this action.

/s/ David E. Rosen

MURPHY ROSEN & MEYLAN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

L:\Attorneys' Files\DER Files\Hydrowholesale\Brief in Support of Motion to Dismiss.doc -11-   *PRINTED ON RECYCLED PAPER*
*BRIEF IN SUPPORT OF MOTION TO DISMISS*