IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 4522958 CANADA, INC., | | |
|     Plaintiff, | | No. CIV S-09-2983 KJM GGH |
|     vs. | | |
| KY WHOLESALE and HYDROWHOLESALE, Inc., | | ORDER |
|     Defendants. | | |
| _____/ | | |

        On May 11, 2011, the court heard argument on defendant KY Wholesale's motion to stay this action during the pendency of an *ex parte* examination of the patent-in-suit. Stephen Byers of Knox, Lemmon, Anapolsky & Schrimp, LLP appeared for defendant; Gregory Cordrey of Jeffer, Mangels, Butler and Mitchell, LLP appeared for plaintiff.

I. Background

        On October 26, 2009, plaintiff filed a complaint alleging that defendants infringed United States Patent No. 7,168,643 (the '643 Patent). ECF No. 1. On February 2, 2010, defendant filed an answer, raising a number of affirmative defenses, including invalidity and non-infringement, and asserted a counterclaim, again raising non-infringement.

/////

1    A pretrial scheduling order was issued on April 5, 2010, establishing a discovery
2 cut-off of October 6, 2011 with designation of expert witnesses by December 6, 2011, and
3 dispositive motions to be heard February 9, 2012.
4    Defendant has now moved to stay the action, noting that on April 22, 2011, the
5 Patent and Trademark Office (PTO) granted KY Wholesale's request for an *ex parte*
6 reexamination of the '643 Patent; it challenges claims 1, 3, 5, 6, 8 and 9 of the '643 Patent.
7 ECF No. 31-1 at 40.
8    Plaintiff opposes the request, arguing that defendant's delay in seeking the
9 reexamination suggests it was undertaken for tactical purposes.  ECF No. 28 at 7.  Defendant
10 counters that it delayed because the parties were involved in settlement negotiations.  ECF No.
11 31-1 at 4-5.
12 II. Analysis
13    A district court has the discretion to stay an action pending reexamination by the
14 PTO. *SlipTrackSystems, Inc. v. Metal Life, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998).  The
15 court must balance the parties' competing interests by considering the hardships to the parties
16 resulting from the grant or denial of the stay, "the orderly course of justice measured in terms of
17 simplifying or complicating of issues, proof, and questions of law which could be expected to
18 result from a stay," and the stage in the litigation, as stays are more appropriate when there has
19 not been extensive discovery or motion practice.  *Gladish v. Tyco Toys, Inc.*, 29 U.S.P.Q. 2d
20 1718, 1719 (E.D. Cal. 1993) (internal quotation, citation omitted); *see also Telemac Corporation*
21 *v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1111 (N.D. Cal. 2006).  A stay may be inappropriate
22 when there are issues of infringement that cannot be addressed in any reexam.  *See Imax*
23 *Corporation v. In-Three, Inc.*, 385 F.Supp.2d 1030, 1033 (C.D. Cal. 2005).
24    The '643 Patent covers an invention called the Leaf Snatcher and consists of an
25 independent claim, which describes the machine, and fifteen dependent claims describing
26 refinements of the invention.  ECF No. 1 at 7-11.  The request for reexamination addresses the

1  single independent claim as well as a number of the refining dependent claims.  ECF No. 26-2 at

2  4-28.  The request was granted on April 22, 2011, because of the substantial new question of

3  patentability affecting claims 1, 3, 5, 6 and 9 raised by the request.  ECF No. 31-1 at 34-36.

4  Accordingly, it appears that resolution of the reexamination has the potential of aiding the court

5  in its consideration of patentability and simplifying the issues before the court.

6         Plaintiff suggests that the request for reexamination, filed a year and half after the

7  complaint here, is a delaying tactic, which will allow defendant to continue its infringing

8  activities for the two to six years the reexamination will take.  ECF No. 28 at 5, 7-8.  Defendant

9  counters that it delayed filing the request because it believed the matter would settle and so did

10  not want to expend the significant resources such a reexamination request entails.  Additionally,

11  an *ex parte* reexamination, in contrast to an *inter partes* reexamination, is to be handled by the

12  PTO with "special dispatch."  ECF No. 31 at 6-9; ECF No. 31-1 at 37; 35 U.S.C. § 305.

13         The court declines to find that defendant's decision to pursue settlement rather

14  than to seek reexamination translates into a delaying tactic: defendant's counsel has outlined his

15  attempts to settle the case, including a settlement proposal made after determining the feasibility

16  of the request for an *ex parte* examination.  Declaration of Stephen J. Byers (Byers Decl.), ECF

17  No. 31-1 ¶¶ 14-18.  What appear to be defendant's good faith efforts to settle distinguish this

18  case from *Ultra Products, Inc. v. Antec, Inc.*, 2010 U.S. Dist. LEXIS 50096, at **7, 13-14 (N.D.

19  Cal. 2010), in which there appeared to be "considerable foot-dragging on the part of the

20  defendants" in connection with their Rule 26 disclosures and earlier threats to seek

21  reexamination based on prior art that was, in the motion to stay, characterized as only recently

22  discovered.

23         Here as well, the court notes that plaintiff never sought an injunction against

24  defendant's alleged infringing activities, which detracts from plaintiff's current claim of

25  irreparable harm.

26  /////

3

At hearing, the parties agreed that they have exchanged initial disclosures, met several times and pursued some discovery, but have not yet taken any depositions. *See also* ECF No. 26-1 at 9. Plaintiff argues, however, that it is ready to file a motion for summary judgment even without taking depositions. ECF No. 28 at 12. Also at the hearing, plaintiff argued that claim construction was not necessary in this case, but acknowledged that its motion for summary judgment would not address all the issues in the litigation.

Although there has been some discovery, the court does not find that the progress of the litigation militates against a stay, particularly in light of the discovery not yet sought.

IT IS THEREFORE ORDERED that:

1. Defendant's motion for a stay (ECF No. 26) is granted;

2. The parties are directed to file a joint status report regarding the progress of the reexamination within one hundred and eighty days of the date of this order and every ninety days thereafter; and

3. Defendant is directed to file a motion to lift the stay within thirty days of the conclusion of the reexamination process.

DATED: July 15, 2011.

_____
UNITED STATES DISTRICT JUDGE

2

4522958.mts